An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

RON MORGAN,
Appellant,
vs.
MGM GRAND/MGM MIRAGE,
Respondent.

No. 58018



FILED

FEB 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant was employed by respondent when he injured his left knee while at work. In March 2004, respondent accepted appellant's workers' compensation claim for the left knee injury. Appellant received treatment under the claim, including the surgical repair of the meniscus in his left knee by Dr. Thomas. Subsequently, appellant was determined to be at maximum medical improvement for his knee and received permanent partial disability (PPD) ratings from two physicians. Respondent accepted Dr. Shannon's rating of an eight-percent whole person impairment, and paid and closed appellant's workers' compensation claim. Approximately three years later, Dr. Thomas reexamined appellant's knee and opined that the condition of the knee had worsened. Appellant then filed a request to reopen his claim, which respondent denied. Respondent later issued a second denial of claim reopening, but did so pending a medical investigation. Appellant appealed the first decision to deny reopening, and a hearing officer affirmed that decision. Thereafter, Dr. Sutherland evaluated appellant in accordance

13-05338

with the second decision by respondent and opined that the arthritic changes in appellant's knee were preexisting and nonindustrial. Based on this opinion, respondent again denied reopening of the claim. A hearing officer affirmed this third and final decision, and appellant appealed.

The appeals officer determined that a medical question existed regarding whether appellant's current condition was related to the industrial injury and entered an interim order directing a new physician evaluation. This evaluation was conducted by Dr. Swanson, who opined that the original industrial injury aggravated a likely preexisting arthritic condition, but that appellant's current condition was related to the industrial injury. The appeals officer determined that Dr. Swanson's report was the most credible of the three physician opinions presented for review and also concluded that, based on Dr. Shannon's PPD rating report, appellant's arthritic condition in the knee had been part of appellant's original industrial claim. Therefore, the appeals officer reversed respondent's decision and ordered that appellant's claim be reopened for further treatment of his knee. Respondent filed a petition for judicial review, which the district court granted. Appellant then filed the instant appeal. On appeal, appellant argues that the appeals officer's determination is supported by substantial evidence, and thus, it was error for the district court to grant judicial review. We agree and reverse the district court's decision.

This court reviews an appeals officer's decision in a workers' compensation matter for clear error or abuse of discretion. NRS 233B.135(3); Vredenburg v. Sedgwick CMS, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008). Judicial review is confined to the record before the appeals officer, and on issues of fact and fact-based conclusions of law, the

appeals officer's decision will not be disturbed if it is supported by substantial evidence. Vredenburg, 124 Nev. at 557, 188 P.3d at 1087-88; Grover C. Dils Med. Ctr. v. Menditto, 121 Nev. 278, 283, 112 P.3d 1093, 1097 (2005). "Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion." Vredenburg, 124 Nev. at 557 n.4, 188 P.3d at 1087 n.4 (quotation omitted). The court will not substitute its judgment for that of the appeals officer as to the weight of the evidence on questions of fact. Maxwell v. SIIS, 109 Nev. 327, 331, 849 P.2d 267, 271 (1993).

While this court has concluded that an application to reopen a workers' compensation claim "does not permit reconsideration of the accuracy of a prior decision that an injury is industrial in nature," Day v. Washoe County Sch. Dist., 121 Nev. 387, 390-91, 116 P.3d 68, 70 (2005), here, a factual question existed regarding whether the arthritis in appellant's knee had been accepted as part of his original claim. Consequently, the appeals officer made factual determinations that the arthritis in appellant's knee was part of his original industrial injury claim and that his current condition warranted claim reopening and further treatment. See NRS 616C.390(1) (explaining that a workers' compensation claim shall be reopened by the insurer if a change of circumstances, caused primarily by the industrial injury, warrants an increase or rearrangement of compensation). Although respondent argues that arthritis was never part of appellant's original claim, after appellant's 2004 injury, respondent accepted appellant's workers' compensation claim for "left knee," and the record demonstrates that neither party sought to narrow this description of the industrial injury. See NRS 616C.175(1) (recognizing that when an industrial injury aggravates, precipitates, or

accelerates a preexisiting nonindustrial condition, the resulting condition is compensable unless the insurer proves that the industrial injury is not a substantial contributing cause of the resulting condition). While the pre-surgery reports in the record do not clearly mention appellant's arthritis in his knee, after Dr. Thomas performed the knee surgery on appellant, his post-surgery report included a diagnosis of arthritis and osteoarthritis. Moreover, although Dr. Shannon's PPD rating report evaluated appellant's condition using two different methods, only one of which discussed arthritis, the physician's ultimate assessment of appellant's injury was "[m]edial meniscus tear with aggravation of underlying arthritis: industrial." Respondent accepted this rating and based appellant's PPD award on this report. We therefore conclude that substantial evidence supports the appeals officer's factual determination regarding the scope of appellant's claim, and thus, the district court abused its discretion when it reversed this determination on judicial review. See Vredenburg, 124 Nev. at 557, 188 P.3d at 1087.

In addition, the appeals officer found that, based on Dr. Swanson's report, appellant's current condition was causally related to his industrial injury and that his current condition warranted further treatment. While varying opinions were presented to the appeals officer regarding appellant's current condition and whether it was industrially related, the appeals officer found Dr. Swanson's opinion to be the most credible. As neither this court nor the district court may substitute its judgment for that of the administrative officer on the weight of the evidence on a question of fact, see Weaver v. State, Dep't of Motor Vehicles, 121 Nev. 494, 498, 117 P.3d 193, 196 (2005), there was no abuse of discretion in the appeals officer's determination that a change in the

condition of appellant's knee was caused primarily by the industrial injury and warranted further treatment. The district court therefore abused its discretion when it also reversed the appeals officer's determination on this point. Accordingly, we reverse the district court's order granting respondent's petition for judicial review.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
William F. Buchanan, Settlement Judge
Greenman Goldberg Raby & Martinez
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk